FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

APR 2 5 2011

JAMES N. HATTEN, Clerk
By: Vicki Dougherty
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| GEORGE W. STEWART, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | FILE NO. 2:11-CV-0099 |
| vs. | : | |
| | : | |
| UNION GENERAL HOSPITAL, | : | |
| INC., | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |

## COMPLAINT

Comes now the Plaintiff and hereby shows the Court the following:

1.

Defendant Union General Hospital, Inc. ("Hospital") is an entity capable of being sued and is subject to the jurisdiction and venue of this Court.

2.

Plaintiff George W. Stewart is a citizen of North Carolina.

3.

Defendant Hospital is a citizen of Georgia.

1

4.

The matter in controversy in this case exceeds the value of $75,000.00.

5.

Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. 1332(a)(1).

6.

On August 28, 2009, George W. Stewart arrived at Defendant Hospital to have an abdominal CT scan done with and without intravenous contrast.

7.

After arriving at Defendant Hospital, but prior to the CT scan being done, a nurse inserted an iv line to administer the contrast.

8.

The aforementioned nurse placed the iv line in Mr. Stewart's left inner wrist.

9.

The nurse who placed the iv access on August 28, 2009 was an employee of Defendant Hospital and was acting within the course and scope of her employment with Defendant Hospital.

10.

After the nurse placed the iv line, the CT scan was performed.

11.

The August 28, 2009 CT scan was performed by a technician who was employed by Defendant Hospital.

12.

The CT technician who performed the August 28, 2009 CT scan was acting within the course and scope of his employment with Defendant Hospital.

13.

Defendant Hospital is vicariously liable for the negligent acts of its employees which took place during Mr. Stewart's August 28, 2009 visit.

14.

During Mr. Stewart's August 28, 2009 visit, Defendant Hospital's aforementioned employees were negligent and said negligence resulted in the iv contrast extravasating into Mr. Stewarts left arm.

15.

As a result of the extravasation, Mr. Stewart developed compartment syndrome which required emergency surgery.

16.

As a direct and proximate result of Defendant's negligence, Mr. Stewart

experienced injuries and damages, including pain and suffering and medical

expenses.

WHEREFORE, Plaintiff George W. Stewart demands judgment against the

Defendant in an amount in excess of $75,000.00 which a jury has determined will

fully and adequately compensate him for his injuries and damages, including pain

and suffering and medical expenses, and for any other damages authorized by the

evidence and law in this case. Plaintiff further requests that all costs of this action

be cast upon the Defendant.

This _____25th_____ day of April, 2011.


                                        Respectfully submitted,



                                        _____
                                        Georgia State Bar No. 462780
                                        Attorney for Plaintiff George W. Stewart

THE MABREY FIRM, P.C.
5447 Roswell Road, NE
Atlanta, Georgia 30342
Office: (404) 841-4991
Fax:    (404) 841-4993
Email: john@mabreyfirm.com


4